```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BRIAN GOODE, | CIVIL ACTION NO. 06-5861 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| BOROUGH OF KEANSBURG, et al., |  |
| Defendants. |  |

**THE COURT** ordering the plaintiff to show cause why this action should not be stayed and administratively terminated with leave to reopen, for good cause shown, pending disposition of the related state proceeding through the administrative and state court levels (dkt. entry no. 3); and the plaintiff bringing this action, inter alia, to recover damages pursuant to 42 U.S.C. § 1983 ("Section 1983"); and the plaintiff alleging he was wrongfully terminated from his employment as a police officer (Compl., at 2); and the plaintiff certifying that "the matter in controversy is the subject of a disciplinary hearing, with hearings completed at the local level and now on appeal to the Merit System Board" (id. at 21); and

**IT APPEARING** that a district court should abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein, Middlesex County Ethics Comm. v.

Garden State Bar Ass'n, 457 U.S. 423, 435 (1982), Younger v. Harris, 401 U.S. 37, 43-54 (1971); and it appearing that a state administrative proceeding is considered to be a "proceeding" under Younger, see Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (stating same), N.J.Ct.R. 2:2-3 (setting forth procedure for further state-court review); and it appearing that proceedings concerning police discipline implicate important state interests, see Fontaine v. City of Chester, No. 85-2453, 1986 WL 9486, at *3 (E.D. Pa. Aug. 28, 1986), Rosko v. Pagano, 466 F.Supp. 1364, 1371 (D.N.J. 1979); and it appearing that the state proceedings here afford an adequate opportunity to raise federal claims therein, see O'Neill v. City of Phila., 32 F.3d 785, 792 (3d Cir. 1994), Rosko, 466 F.Supp. at 1372; and the Court thus having been inclined to stay and administratively terminate this action with leave to reopen; and

**IT APPEARING** that a district court should stay a federal action — rather than dismiss the complaint — if the state proceedings are administrative in nature, in order to assure the federal claims are actually resolved, Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 (3d Cir. 1992) (stating district court without discretion to dismiss rather than stay monetary-relief claim that may not be redressed in state proceeding), Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J.) (staying action sua sponte, rather than dismissing complaint, as

monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994); and

    **THE COURT** carefully reviewing the plaintiff's response to the order to show cause (see dkt. entry no. 9, Pl. Br. in Opp. to Order to Show Cause ("Pl. Br."), at 1-26; dkt. entry no. 12, Pl. Reply Br., at 1-9; see also dkt. entry no. 10, Defs. Br., at 1-9); and the plaintiff arguing that this action will not interfere with the ongoing state proceeding (Pl. Br., at 10-17); but it appearing that this argument is without merit, as similar relief is being sought here and in the state proceeding (compare Pl. Br., at 1, 5, 15, 23 (stating he is challenging termination, and seeking reinstatement, seniority, and back pay, in state proceeding), with Compl., at 20-21 (seeking, inter alia, reinstatement and retroactive salary in federal action)); and the Court concluding that the plaintiff's remaining arguments also are without merit; and

    **THE COURT** thus intending to issue a stay and administratively terminate this action with leave to reopen, for good cause shown, pending disposition of the related state proceeding through the administrative and state court levels, cf. Prevost v. Twp. of Hazlet, 159 Fed.Appx. 396, 397-98 (3d Cir. 2005) (reversing order granting motion to dismiss Section 1983 claim where plaintiff brought state administrative proceeding to contest termination, as (1) proceeding — in contrast to proceeding at issue here — had

3

concluded, and (2) "[a]t most," the district court "could have stayed this suit pending the conclusion of the state appeals"); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                        s/ Mary L. Cooper
                                                   **MARY L. COOPER**
                                                   United States District Judge